UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ALAN and MARYELLEN HOGAN, MEREL :
MAYNARD, :
 :
                         Plaintiffs, : **MEMORANDUM AND ORDER**
 : 13-CV-5914 (DLI)(MDG)
                    -against- :
 :
USAA CASUALTY INSURANCE COMPANY, :
 :
                      Defendant. :
------------------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

On October 27, 2013, three (3) plaintiffs commenced this diversity action against defendant USAA Casualty Insurance Company, each seeking to recover his or her actual damages resulting from defendant's purported breach of contract, *i.e.*, its failure to pay the full amount of each plaintiff's respective claims under an insurance policy issued to him or her by defendant. (*See generally* Complaint ("Compl."), Dkt. Entry No. 1.) For the reasons set forth below, the claims of Plaintiff Merel Maynard are severed *sua sponte* from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure and dismissed without prejudice to commencing a separate action for each insurance policy issued by defendant.

**BACKGROUND**

The complaint, *inter alia*, alleges that: (1) defendant is an insurance carrier "organized and existing under and by virtue of the laws of Texas," (Compl. ¶ 2); (2) defendant issued an insurance policy to each plaintiff covering losses to his or her "dwelling and personal property" (Compl., ¶ 6); (3) each plaintiff paid all of the premiums on his or her policy (*id*.); (4) as a result of "Superstorm Sandy" ("the Storm"), each plaintiff's insured property and contents suffered "wind damage" in excess of $75,000 (Compl. ¶¶ 3, 7-8); (5) each plaintiff reported and properly

submitted a claim under his or her policy to defendant (Compl. ¶ 9); (6) defendant "wrongfully denied payment in the full amount of each [p]laintiff's claims" (Compl. ¶ 11); (7) each plaintiff retained an independent expert to evaluate the damages to his or her property and contents (Compl. ¶ 12); and (8) plaintiffs' "respective losses were thoroughly documented" (*id*.).

On October 27, 2013, three (3) plaintiffs commenced this action against defendant alleging claims of breach of contract, breach of good faith and fair dealing, and various violations of New York General Business Law §§ 349 & 350. Notably, the complaint asserts one (1) claim for relief for breach of contract, with each plaintiff seeking to recover the actual damages he or she sustained as a result of defendant's denial and/or limitation of his or her claims under his or her respective insurance policy. (Compl. ¶¶ 14-18.)

## DISCUSSION

I.  **Permissive Joinder of Plaintiffs**

Rule 20(a)(1) of the Federal Rules of Civil Procedure permits the joinder of multiple plaintiffs in an action if:

> "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

In determining whether claims relate to, or arise out of, the same "transaction" or "occurrence" under Rule 20(a), "courts are to look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of America Corp.*, ___ F.R.D. ___, 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F. 2d 12, 22 (2d Cir. 1979)); *see also*

*Abraham v. Am. Home Mortg. Servicing, Inc.*, ___ F. Supp. 2d ___, 2013 WL 2285205, at *3 (E.D.N.Y. May 23, 2013) ("The purpose of Rule 20 is to promote trial convenience and to expedite the final determination of disputes.") (quoting *Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 183 (E.D.N.Y. 2012). Plaintiffs bear the burden of demonstrating that joinder is proper under Rule 20(a). *Kalie*, ___ F.R.D. ___, 2013 WL 4044951, at *5; *see also Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009).

Plaintiffs' claims in this case are not properly joined pursuant to Rule 20(a)(1) of the Federal Rules of Civil Procedure. Indeed, judicial economy and fairness dictate that plaintiffs' claims under each distinct insurance policy issued by defendant be tried separately. In order for a plaintiff's right to relief to relate to, or arise out of, a transaction or occurrence for purposes of Rule 20(a), the "transaction" or "occurrence" must relate to the contract purportedly breached by defendant, *i.e.*, the insurance policy. The three (3) plaintiffs herein separately purchased, and were issued, two (2) distinct insurance policies from defendant at different times. Each of those two (2) insurance policies relates to a separate and distinct property. Each plaintiff separately performed his or her own obligations under his or her respective insurance policy, *e.g.*, paid the premiums and submitted claims thereunder. Each plaintiff seeks to recover his or her actual damages as a result of defendant's purported breach of his or her respective insurance policy, *i.e.*, either defendant's outright denial of his or her claims or its failure to pay the entire amounts claimed by him or her. The fact that plaintiffs' separate properties, for which they made distinct claims under the separate insurance policies issued to them by defendant, all sustained damage as a result of the same storm is immaterial for purposes of Rule 20(a) of the Federal Rules of Civil Procedure, *i.e.*, each plaintiff's right to relief under his or her respective insurance policy issued by defendant is not affected by the fact that the wind that allegedly damaged his or her property

3

may have been occasioned by the Storm. Moreover, defendant may have different justifications for denying and/or limiting each plaintiff's claims. Since the two (2) insurance policies upon which plaintiffs claim a right to relief do not relate to, or arise out of, the "same transaction, occurrence, or series of transaction or occurrences," plaintiffs are not properly joined in this action pursuant to Rule 20(a) of the Federal Rules of Civil Procedure.

**II.     Misjoinder**

Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Thus, "[i]f a court concludes that [parties] have been improperly joined under Rule 20, it has broad discretion under Rule 21 to sever [those] parties . . . from the action." *Kalie*, ___ F.R.D. ___, 2013 WL 4044951, at *3 (quoting *Deskovic*, 673 F. Supp. 2d at 159-60); *see also Adams v. US Bank, NA*, 2013 WL 5437060, at *4 (E.D.N.Y. Sept. 27, 2013).

To determine whether to sever parties improperly joined under Rule 20(a), courts generally consider, in addition to the factors set forth in Rule 20(a), "whether settlement of the claims or judicial economy would be facilitated; [] whether prejudice would be avoided if severance were granted; and [] whether different witnesses and documentary proof are required for the separate claims." *Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 331, 333 (S.D.N.Y. 2013) (quoting *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)). "A court should consider whether severance will 'serve the ends of justice and further the prompt and efficient disposition of litigation.'" *Crown Cork*, 288 F.R.D. at 332 (quoting *T.S.I. 27, Inc. v. Berman Enters., Inc.*, 115 F.R.D. 252, 254 (S.D.N.Y. 1987)); *see also In re Ski Train Fire in Kaprun, Austria, on November 11, 2004*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004).

Joinder of the claims of three (3) plaintiffs involving two (2) separate insurance policies does not serve the interest of judicial economy. There will be little, if any, overlapping discovery and each plaintiff's breach of contract claim will require distinct witnesses and documentary proof. "The interest in economy is affirmatively disserved by forcing these many parties to attend a common trial at which these separate, unrelated claims . . . would be resolved." *Kalie*, ___ F.R.D. ___, 2013 WL 4044951, at *6. In addition, "[a] joint trial could lead to confusion of the jury and thereby prejudice [the] defendant[]." *Id.* (quotations and citation omitted). Furthermore, settlement of the claims is more likely to be facilitated if the claims relating to two (2) separate insurance policies are litigated separately. *See Adams*, 2013 WL 5437060, at *4. Accordingly, all claims by Plaintiff Merel Maynard are severed *sua sponte* pursuant to Rule 21 of the Federal Rules of Civil Procedure and dismissed without prejudice to commencing separate actions for each insurance policy issued by defendant.

## CONCLUSION

For the reasons set forth above, all claims by Plaintiff Merel Maynard are severed *sua sponte* pursuant to Rule 21 of the Federal Rules of Civil Procedure and dismissed without prejudice to commencing a separate action for each insurance policy issued by defendant.

SO ORDERED.

Dated: Brooklyn, New York
      January 10, 2014

                                          /s/
                                   DORA L. IRIZARRY
                                United States District Judge